IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

THERESA GOLDSMITH,       :       Case No. 3:12-cv-191

      Plaintiff,       District Judge Thomas M. Rose
      :       Magistrate Judge Michael J. Newman

vs.

COMMISSIONER OF       :
SOCIAL SECURITY,

      Defendant.       :

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY
FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND
AFFIRMED; (2) PLAINTIFF'S REQUEST TO REMAND THIS MATTER TO THE
COMMISSIONER UNDER THE SIXTH SENTENCE OF 42 U.S.C. § 405(g) BE DENIED;
AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal brought pursuant to 42 U.S.C.

§ 405(g). At issue is whether the Administrative Law Judge ("ALJ") below erred in finding

Plaintiff not "disabled" within the meaning of the Social Security Act and thus unentitled to

Disability Insurance Benefits ("DIB"). Additionally at issue is whether a remand to the

Commissioner -- to consider new medical evidence under the Sixth Sentence of § 405(g) -- is

warranted.

This case is before the Court upon Plaintiff's Statement of Errors (doc. 11) and

supplemental memorandum (doc. 12), the Commissioner's Memorandum in Opposition (doc.

15), Plaintiff's Reply (doc. 17), the administrative record (doc. 8),[2] and the record as a whole.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID.

## I. BACKGROUND

### A.

Plaintiff filed an application for DIB on March 15, 2010, alleging a disability onset date of September 17, 2007.  PageID 236-39.  Plaintiff claims she is disabled due to several impairments including paranoid schizophrenia, a back injury, arthritis in her joints, and depression.  PageID 272.

Following initial administrative denials of her application, Plaintiff received a hearing on December 2, 2011 before ALJ Shirley Michaelson in Chicago, Illinois via videoconference. PageID 84-136.  On December 29, 2011, ALJ Michaelson issued a written decision concluding that Plaintiff was not disabled.  PageID 65-78.  Specifically, ALJ Michaelson's "Findings" were as follows:

1.  The claimant meets the insured status requirements of the Social Security Act through March 31, 2013;

2.  The claimant has not engaged in substantial gainful activity since September 17, 2007, the alleged onset date (20 CFR 404.1571 *et seq.*);

3.  The claimant has the following severe impairments: degenerative disc disease of the lumbar spine status post lumbar fusion; and obesity (20 CFR 404.1520(c));

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526);

5.  After careful consideration of the entire record, [the ALJ] find[s] that the claimant has the residual functional capacity ["RFC"] to perform light work as defined in 20 CFR 404.1567(b) except that she must be permitted to alternate between sitting and standing throughout the day while continuing to work; in addition, she can only occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl;[3]

---

[3] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements.  20 C.F.R. § 404.1567. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and

6.      The claimant is unable to perform any past relevant work (20 CFR 404.1565);

7.      The claimant was born [in] 1964 and was 42 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date, and continues to be a younger individual (20 CFR 404.1563);

8.      The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564);

9.      Transferability of job skills is not material to the determination of disability because in persuasive testimony, with which I agree, the vocational expert testified that the claimant does not have skills or semiskills that transfer to jobs within the assessed residual functional capacity;

10.    Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)); and

11.    The claimant has not been under a disability, as defined in the Social Security Act, from September 17, 2007, through the date of this decision (20 CFR 404.1520(g)).

PageID 67-78 (brackets and footnote added).

Following the administrative hearing, Plaintiff retained new counsel who appealed the ALJ's decision to the Appeals Council. *See* PageID 60-61. The Appeals Council denied her request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 54-56. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).

Plaintiff, through her new counsel, then filed this timely appeal on June 15, 2012, challenging the ALJ's decision on several grounds. *See* docs. 1, 11. She subsequently filed a

---

"requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* § 404.1567(b). Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* § 404.1567(a).

Supplement Statement of Errors, submitting additional medical records -- that apparently had just recently been obtained[4] -- from her treating psychiatrist, Amita Patel, M.D.  Doc. 12.  These records were not in the administrative record before the ALJ; nor were they before the Appeals Council.  Plaintiff requests that this Court remand this matter to the Commissioner for consideration of these additional records.  *Id.*

**B.**

At the administrative hearing, Plaintiff testified that she has "a little tenderness off and on in [her] lower back and [her] feet and legs bother [her] most of the time too."  PageID 93.  She also reported a history of carpel tunnel syndrome and tendinitis in her hands.  PageID 96.  She underwent a bilateral carpel tunnel release surgery in 2006, but she still has difficulty holding objects. PageID 97-99.  Additionally, Plaintiff suffers from sleep apnea and insomnia.  PageID 124-25.  She takes medication for her conditions which affect her ability to focus and remember, give her suicidal thoughts, and make her "jittery."  PageID 126.

Despite these conditions and symptoms, Plaintiff testified that she worked for five to six months after her alleged disability onset date -- between December 2010 and June 2011-- as a dietary aide in the kitchen of a nursing home.  PageID 94-95.  She reported that she did not miss work due to her impairments.  PageID 129.  She was later terminated, however, for eating in front of a resident, and frequently taking unscheduled breaks.  PageID 95.

Plaintiff further testified that she babysits her two grandchildren (ages 3 and 5) while her daughter works, but receives little to no compensation from her daughter for doing so.  *See* PageID 118-23.  She cares for her grandchildren five days a week for a total of 36 hours.  *See id.* While she babysits, Plaintiff picks her grandson up from school and helps him with his

---

[4] According to counsel, it took a long time to obtain these records because Dr. Patel's office had to retrieve them from an offsite storage site.  *See* doc. 11 at PageID 666.

homework; prepares dinner for her grandchildren; cleans her daughter's house; and launders her grandson's clothes. PageID 121-23. Additionally, Plaintiff performs household chores in her own home, such as vacuuming, sweeping and mopping, dusting, and cleaning the bathrooms. PageID 123.

### C.

Charlotta Ewers, a vocational expert ("VE"), also testified at the hearing. PageID 130-35. She opined that Plaintiff cannot perform any of her past relevant work. PageID 132. However, she testified that a hypothetical individual -- with Plaintiff's vocational profile and the RFC described in Finding No. 5 (a reduced range of light work) -- could perform 25,000 light jobs and 4,000 sedentary jobs in the regional economy. PageID 133.

## II. APPLICABLE LAW

### A.

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which [he or she] can act, without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009).  "[A] decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

## B.

To be eligible for DIB benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A).  Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from: (1) performing his or her past job; and (2) engaging in "substantial gainful activity" that is available in the regional or national economies.  *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations.  20 C.F.R. § 404.1520(a)(4).  Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1.  Has the claimant engaged in substantial gainful activity?

2.  Does the claimant suffer from one or more severe impairments?

3.  Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments ("the Listings"), 20 C.F.R. Subpart P, Appendix 1?

4.  Considering the claimant's RFC, can he or she perform his or her past relevant work?

5.  Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *Miller v. Comm'r of Soc. Sec.,* 181 F. Supp. 2d 816, 818 (S.D. Ohio 2001).  A claimant bears the ultimate burden of establishing that he or she is "disabled" under the Social Security Act's definition.  *Key v. Callahan*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.  ANALYSIS

### A.

In her Statement of Errors, Plaintiff argues that the ALJ erred by failing to properly: (1) consider the psychological evidence; (2) consider the combined effects of her physical and mental impairments; and (3) evaluate her credibility.  *See* doc. 11 at PageID 660-66.  The Court finds all three arguments unavailing.[5]

Contrary to Plaintiff's contention, the ALJ appropriately considered the evidence of Plaintiff's psychological impairments.  She conducted a detailed and thorough analysis of the four applicable functional areas (known as the "paragraph B" criteria: activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation), and found that Plaintiff's mental impairments are not "severe."  PageID 69-71; *see* 20 C.F.R. § 404.1520a.  In reaching this conclusion, the ALJ considered Plaintiff's mental health records, including the opinions of the State agency reviewing doctors.  Those doctors (Aracelis Rivera, Psy.D., Marianne Collins, Ph.D., and William Bolz, M.D.) all found that Plaintiff had no limitations in her activities of daily living; that she was not limited in her ability to maintain social functioning; and that she has not experienced an episode of decompensation.  *See* PageID 69-70, 518, 522-23, 563-64.  The ALJ also reasonably found Plaintiff's allegations to be inconsistent with the treatment notes in the record.  *See* PageID 69-71.  Moreover, the ALJ placed much emphasis on Plaintiff's own testimony:  that she worked for six months in 2010;

---

[5] The Court is confined to reviewing the evidence before the ALJ, which did not include Dr. Patel's additional records, in determining whether her non-disability finding is supported by substantial evidence. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993).

that her job termination was not related in any way to her mental impairments; and that she currently cares for her two grandchildren five days a week. *Id.* The ALJ thus properly considered Plaintiff's mental health history, and her reasoned analysis is supported by substantial evidence.

Likewise, the ALJ properly considered the combined effects of Plaintiff's impairments. In that regard, the ALJ does not need to provide a detailed "combined effects" analysis. *See Loy v. Sec'y of Health & Human Servs.*, 901 F.2d 1306, 1310 (6th Cir. 1990). Instead, it is sufficient for the ALJ to refer to the claimant's "impairments" (plural) and "combination of impairments." *Id.* Here, the ALJ's finding -- that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals" a listed impairment, PageID 71 -- sufficiently demonstrates that the ALJ considered the combined effects of Plaintiff's impairments. *Accord Smith-Marker v. Astrue*, 839 F. Supp. 2d 974, 983 (S.D. Ohio 2011) (Rose, J.; Newman, M.J.).

Finally, there was no error in the ALJ's credibility analysis. It is the ALJ's function, and not the reviewing court's, to evaluate the credibility of the claimant. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). Accordingly, an ALJ's credibility findings are entitled to considerable deference and should not be lightly discarded. *Casey*, 987 F.2d at 1234. The Court is "limited to evaluating whether or not the ALJ's explanations for partially discrediting [a claimant] are reasonable and supported by substantial evidence in the record." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) (brackets added). Based upon Plaintiff's testimony during the hearing -- that she watches and cares for her grandchildren five days per week, and also performs household chores at her own house -- as well as the ALJ's observation that Plaintiff was "completely coherent, focused and attentive throughout the hour-long hearing," the ALJ's determination  that Plaintiff's allegations were "less than credible" -- is reasonable and

supported by substantial evidence.  *See* PageID 75; 20 C.F.R. § 404.1529(c)(3)(i); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) (noting that an ALJ may consider "household and social activities engaged in by the claimant" in evaluating a claimant's credibility).

## B.

The additional medical records from Dr. Patel span from April 1999 through May 2010.  *See* PageID 671-795.  Notably, the majority of the records predate Plaintiff's alleged disability onset date (*e.g.*, September 17, 2007).  *See* PageID 716-95.  Within the alleged disability period, there are progress notes from eleven visits with Dr. Patel,[6] and telephone messages from Plaintiff requesting prescription refills.  *See* PageID 674-715.  The Court is troubled that not all of Dr. Patel's records were before the ALJ, especially given that Plaintiff's former counsel could have requested the ALJ to hold the administrative record open until the records were obtained.  *See Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).  For reasons not made clear to the Court, her prior counsel failed to make such a request.[7]

In order for Dr. Patel's records to be reviewed by an ALJ, the Court would need to recommend the issuance of a Sentence Six remand, which is warranted only when the medical records are new and material, and good cause exists for the failure to incorporate them into the administrative record.  *See* § 405(g); *Hollon*, 447 F.3d at 483.   The Court is strongly committed to reaching the merits of every case, particularly Social Security disability cases where there is a

---

[6] Two of the eleven progress notes (*i.e.*, from the May 5, 2010 and February 9, 2010 visits) are already part of the administrative record.  *See* PageID 500-03, 537-40, 671-72, 677-78.

[7] The Court is troubled because Plaintiff's former counsel (1) did not ensure that all of Dr. Patel's records were before the ALJ; (2) did not ask to keep the record open following the administrative hearing; and (3) did not otherwise seek to obtain these records and have them considered by the ALJ.  In all other respects, it appears counsel diligently represented Plaintiff, but as to this one matter, he did not.  Nonetheless, this issue is not before the Court, and there is no finding that Plaintiff's prior counsel committed an error of a magnitude to cause her to suffer prejudice because, as discussed below, Plaintiff's records would not have changed the ALJ's non-disability determination.

possibility that a plaintiff is entitled to DIB benefits. If there were a reasonable and legitimate basis for such a remand, the Court would make such a recommendation. However, the Court is constrained by the United States Supreme Court's opinion in *Melkonyan v. Sullivan*, 501 U.S. 89 (1991), that establishes that a Sentence Six remand is permitted only when, *inter alia*, the medical records in question are "material" to the question of Plaintiff's disability. *See Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483-88 (6th Cir. 2006). Having carefully reviewed the additional records submitted by Dr. Patel, the Court believes, without question, that these records would not have changed the ALJ's decision.

Assuming, *arguendo*, that the Court could view these additional records as "new" (even though records such as these, in existence at the time of the hearing, generally do not qualify as "new," *see Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990)), and additionally assuming, *arguendo*, that there is good cause to excuse their omission from the record before the ALJ, these records fail the materiality requirement. Evidence is "material" only if "there is a reasonable probability that the Commissioner would have reached a different disposition of the disability claim if presented with the new evidence." *Hollon*, 447 F.3d at 484 (citations and brackets omitted). Notably missing from Dr. Patel's records is a medical opinion from her on the severity of Plaintiff's mental impairments and/or how her impairments affect her ability to work. *See Bass*, 499 F.3d at 510 (finding that a doctor's observations do not qualify as "medical opinions" entitled to deference under Social Security regulations). Because ALJs are not qualified to interpret raw medical data into functional limitations, a RFC determination must be supported by medical opinions in the record. *See Mitsoff v. Comm'r of Soc. Sec.*, __ F. Supp. 2d __, No. 3:12-cv-46, 2013 U.S. Dist. LEXIS 9929, at *16-18, 2013 WL 1098188, at *8 (S.D. Ohio Jan. 24, 2013). To that end, there is no reasonable probability that the ALJ would have altered her

decision based on these treatment notes alone, without any medical opinion in the record that Plaintiff's mental impairments were disabling. Moreover, these treatment records on their face do not support a finding of disability. Dr. Patel only managed Plaintiff's medication and did not conduct therapy sessions with her. *See id.* The notes thus consist of checked boxes concerning Plaintiff's mood, affect, speech, thought process, *etc.*, with few individualized comments. *See id.*

Likewise, the Court is not persuaded by Plaintiff's argument -- that the disposition would have been different had all of Dr. Patel's records been part of the record because the ALJ would have found Plaintiff mental impairments were "severe" at Step Two. *See* doc. 12. The ALJ's determination -- of whether or not Plaintiff's mental impairments are "severe" -- was not dispositive of the ultimate non-disability finding in this case. Having found that Plaintiff had two severe physical impairments (*e.g.*, degenerative disc disease and obesity), the ALJ continued with the five-step analysis and, at each step, she was required to consider all of Plaintiff's impairments, both severe and non-severe. *See Maziarz v. Sec'y of Health & Human Servs.,* 837 F.2d 240, 244 (6th Cir. 1987). As stated above, the Court believes, without question, that these additional records from Dr. Patel would not have changed the ALJ's final non-disability determination. Therefore, the records are not "material" for purposes of Sentence Six of § 405(g).

## IV.  RECOMMENDATION

### IT IS THEREFORE RECOMMENDED THAT:

1.  The ALJ's non-disability finding be found **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and **AFFIRMED**;

2.  Plaintiff's request to remand this matter to the Commissioner under the Sixth Sentence of 42 U.S.C. § 405(g) be **DENIED**; and

3.      This case be **CLOSED**.

August 2, 2013                                                **s/Michael J. Newman**
                                                             United States Magistrate Judge

## <u>NOTICE REGARDING OBJECTIONS</u>

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).